**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ABIRA MEDICAL LABORATORES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-CV-11806-AK |
| HARVARD PILGRIM HEALTH CARE, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**
**ON MOTION TO DISMISS**

**ANGEL KELLEY, D.J.**

Plaintiff, Abira Medical Laboratories, LLC d/b/a/ Genesis Diagnostics ("Abira"), alleges that Defendant Harvard Pilgrim Health Care, Inc. ("HPHC") has not paid Abira for services it rendered to HPHC's insureds. Abira's Amended Complaint asserts breach of contract (Count I) and an alternative claim for unjust enrichment/quantum meruit (Count II). [Dkt. 12]. Before the Court is HPHC's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). [Dkt. 13].

HPHC asserts Abira's breach of contract claim fails because Abira's Amended Complaint does not allege a valid or enforceable contract between the parties. [Dkt. 14]. Furthermore, HPHC argues Abira's claim for unjust enrichment fails because Abira failed to allege it conferred any benefit on HPHC. [Id.]. Finally, HPHC contends that most of Abira's claims are barred by the six-year statute of limitations. [Id.]. For the following reasons, HPHC's Motion to Dismiss for failure to state a claim [Dkt. 13] is **GRANTED IN PART** and **DENIED IN PART**.

1

I.    BACKGROUND

The following facts are as alleged in Abira's Amended Complaint unless otherwise noted. Abira was a licensed provider of laboratory testing services. [Dkt. 12 ¶ 3]. It performed clinical laboratory, genetics, toxicology, blood, and COVID-19 testing services on specimens collected by medical service providers across the country. [Id. ¶¶ 9, 17]. HPHC is a domestic corporation authorized to conduct business in Massachusetts. [Id. ¶ 4]. Based on Abira's Amended Complaint, the Court infers HPHC is a health insurance provider. [See id. ¶ 9]. Abira was an out-of-network provider of laboratory testing services to HPHC's insureds, members, and/or subscribers. [Id.].

The testing services at issue here were solicited from Abira via requisitions for services. Requisitions are documents (paper or electronic) that healthcare providers, researchers, or other authorized personnel use to order laboratory tests for patients or specimens. [Id. ¶ 10]. These requisitions were forwarded to Abira by medical service providers, such as physicians, on behalf of those insured by HPHC or those who had their claims serviced by HPHC. [Id.]. Abira claims the requisitions incorporated assignments of payment benefits. [Id. ¶ 11]. The assignments of payment benefits were allegedly signed by HPHC's insureds and assigned HPHC's payments for lab testing from the insured to Abira. [Id.].

In its Amended Complaint, Abira provides "an example" requisition for testing services allegedly signed by HPHC's insureds. [Id.]. Abira asserts these requisitions "generally contained" the following terms on assignment of payment benefits:

> I hereby assign all rights and benefits under my health plan and direct payments be made to Genesis Diagnostics or its assigned affiliates for laboratory services furnished to me by Genesis Diagnostics. I irrevocably designate, authorize and appoint Genesis Diagnostics or its assigned affiliates as my true and lawful attorney-in-fact for the purpose of submitting my claims and pursuing any

> request, disclosure, appeal, litigation or other remedies in accordance with the benefits and rights under my health plan and in accordance with any federal or state laws.

[Id.].

In addition, attached to Abira's Amended Complaint as Exhibit 1 is a spreadsheet containing the following: accession number, redacted patient names, date of service, insurance name ("Harvard Pilgrim Health Care"), payer name (same), billed amount, and other information. [Id. ¶ 12]. Between 2016 and 2021, Abira performed services for each of the insureds listed therein. [Id. ¶ 19]. Abira then submitted to HPHC claims for payment. [Id.]. However, according to Abira, HPHC failed to process and pay for most testing services Abira rendered for HPHC's insureds. [Id. ¶¶ 21-22]. Furthermore, HPHC allegedly failed to provide Abira written notice (or any notice) of the denials of Abira's claims. [Id. ¶ 29]. Abira claims that, as a result, it incurred damages of no less than $139,322. [Id. ¶ 21].

Because of these alleged harms, Abira filed an Initial Complaint on June 23, 2025 [Dkt. 1] and an Amended Complaint on October 28, 2026 [Dkt. 12]. Abira has brought numerous similar lawsuits against insurance companies throughout the United States.[1] HPHC moved to dismiss Abira's Amended Complaint on November 18, 2025. [Dkt. 13]. The Court now addresses HPHC's Motion to Dismiss.

---

[1] See, e.g., Abira Medical Lab'ys, LLC v. Point32Health, Inc., No. 23-04170, 2024 WL 2746139 (D.N.J. May 29, 2024); Abira Medical Lab'yss, LLC v. Blue Cross Blue Shield of Florida, No. 3:23-CV-1092, 2024 WL 3965733 (M.D. Fla. Aug. 28, 2024); Abira Medical Lab'ys, LLC v. Mutual of Omaha Ins.Co., 8:24CV194, 2024 WL 4056573 (D. Neb. Sep. 5, 2024); Abira Medical Lab'ys, LLC v. Anthem Blue Cross Life and Health Ins. Co., No. 2:25-CV-03220, 2025 WL 1664596 (C.D. Cal. June 12, 2025); Abira Medical Lab'ys, LLC v. Blue Cross Blue Shield of Oklahoma, No. CIV-24-1365, 2025 WL 2654917 (W.D. Okla. Sep. 16, 2025); Abira Medical Lab'ys, LLC v. Harvard Pilgrim Health Care, Inc., Civil Action No. 24-158, 2025 WL 2935245 (E.D. Pa. Oct. 15, 2025); Abira Medical Lab'ys, LLC v. Blue Cross Blue Shield of Arizona Inc., No. CV-24-01485, 2026 WL 900075 (D. Ariz. Apr. 2, 2026); Abira Medical Lab'ys, LLC v. Healthy Blue, 24-1039, 2026 WL 1276441 (M.D. La. May 8, 2026); Abira Medical Lab'ys, LLC v. CareSource, No. 3:24-CV-157, 2026 WL 1732954 (S.D. Ohio June 16, 2026).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," courts must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, courts must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556).  However, courts need only accept well-pleaded allegations, not all allegations; "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5).  Second, courts must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## III.    DISCUSSION

Abira has brought a breach of contract claim (Count I) and an alternative claim for unjust enrichment/quantum meruit (Count II) against HPHC.  HPHC, however, asserts that (1) Abira's

breach of contract claim fails because Abira's Amended Complaint does not allege a valid or enforceable contract between the parties, (2) Abira's alternative claim for unjust enrichment fails because Abira failed to allege it directly conferred any benefit on HPHC, and (3) the vast majority of Abira's claims for which Abira seeks payment must be dismissed because they are barred by the six-year statute of limitations.  The Court addresses each issue in turn.

### A.      Breach of Contract

First, the Court addresses HPHC's Motion to Dismiss Abira's breach of contract claim. To state a claim for breach of contract under Massachusetts law, a plaintiff must allege that (1) there was a binding contract; (2) the defendant breached its duties under a specific provision of the contractual agreement; and (3) the breach caused the plaintiff damage. Young v. Wells Fargo Bank, N.A., 828 F.3d 26, 32 (1st Cir. 2016).  Under Fed. R. Civ. P. Rule 8(a), a plaintiff need not plead these elements in detail. Foss v. Marvic, 365 F. Supp. 3d 164, 167 (D. Mass. 2019) (quoting Moore v. La-Z-Boy, Inc., No. 07-CV-10708, 2007 WL 1858624, at *1 (D. Mass. June 27, 2007)).  However, so that a defendant can receive the requisite notice of the nature of the claim, "a complaint must describe with enough specificity" the alleged terms of the contract. Id. Therefore, "a claim for breach of a written contract must either (1) quote pertinent contractual language; (2) contain a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect." Id.; see also Doyle v. Hasbro, Inc., 103 F.3d 186, 194-95 (1st Cir. 1996) ("[I]t is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof.") (quoting Pollock v. New England Tel. & Tel. Co., 194 N.E. 133, 136 (Mass. 1935)).

One type of contractual agreement is an Assignment of Benefits ("AOB").  When patients sign AOBs, they authorize their health insurers to pay benefits directly to medical

service providers for services rendered, thus streamlining the billing process. See Spinal Imaging, Inc. v. Aetna Health Mgmt. LLC, No. 09-CV-11873, 2014 WL 1278012, at *2 (D. Mass. Mar. 26, 2014) ("The Assignment of Benefits form authorizes [medical service providers] to bill the patient's insurance carrier directly for the medical services rendered . . . ."). An assignment itself is a contract and is to be interpreted as such. See Spellman v. Shawmut Woodworking & Supply, Inc., 840 N.E.2d 47, 52 (Mass. 2006) (stating assignment "is a contract to be interpreted according to ordinary rules of contract interpretation"). A valid assignment exists when the assignor, "by any words or acts," "fairly indicate[s] an intention to make the assignee an owner of a claim." Brown v. Norfolk & Dedham Mut. Fire Ins. Co., No. 09-ADMS-70019, 2011 WL 1348435, at *5 (Mass. App. Div. Apr. 11, 2011) (quoting Knight v. Middlesex Ins. Co., No. 9800, 2002 WL 31558040, at *2 (Mass. App. Div. Nov. 13, 2002)). "The important point is what the purported assignor did and what evidence there was of his intent." City of Boston v. Aetna Life Ins. Co., 506 N.E.2d 106, 108 (Mass. 1987). If a valid assignment of benefits was executed, a plaintiff, "by virtue of the assignment of benefits, may stand in the shoes of [an insurance provider's] insured." See Spinal Imaging, Inc., 2014 WL 1278012, at *3. Thus, such a plaintiff may "enforce the terms of the insurance policy or plan of an insured for which [it] obtained an assignment of benefits and rendered a service." Id.; see City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc., 156 F.3d 223, 227-28 (1st Cir. 1998).

Here, the question is whether Abira adequately pleaded a claim for breach of contract. To resolve this question, the Court must first determine whether there was a binding contract between Abira and HPHC. See Young, 828 F.3d at 32. Abira "quote[d] pertinent contractual language" to allege breach of contract. Foss, 365 F. Supp. 3d at 167 (D. Mass. 2019). Specifically, Abira provides a sample excerpt of an assignment that contains the following text:

"I hereby *assign* all rights and benefits under my health plan and direct payments be made to Genesis Diagnostics [Abira] . . . ." [Dkt. 12 at 4] (emphasis added).  The express mention of "assign" in the insurance payments to Abira is more than sufficient to "fairly indicate an intention to make the assignee [here, Abira] an owner of a claim." See Norfolk & Dedham Mut. Fire Ins. Co., 2011 WL 1348435, at *5 (quoting Knight, 2002 WL 31558040, at *2).

HPHC, however, contends Abira failed to allege a binding contract because Abira merely excerpted "general" or "sample" AOB language in its Amended Complaint. [Dkt. 14 at 9-12]. The Court disagrees.  Of course, "having the contract terms before the Court would certainly cement the analysis one way or another." Abira Medical Lab'ys, LLC v. Anthem Health Plans of Virginia, Inc., No. 3:25CV108, 2026 WL 281172, at *7 (E.D. Va. Feb. 3, 2026).  But, the excerpted "sample" AOB when examined alongside key information provided in Exhibit 1 – including claims numbers, patients' names (HIPAA-redacted), and billed amount – is sufficiently specific to provide HPHC "the requisite notice of the nature of the claim." Foss, 365 F. Supp. 3d at 167; see Knox v. Vanguard Group, Inc., No. 15-13411, 2016 WL 1735812, at *4 (D. Mass. May 2, 2016) ("As an initial matter, there is no requirement that a written contract be attached to the complaint in order to plead a claim for breach of contract.").

Furthermore, the Court finds persuasive the analysis by the District Court of the Eastern District of Virginia in a case involving Abira and Anthem Health Plans of Virginia, Inc.  There, as here, the court was tasked with deciding the defendant's motion to dismiss Abira's breach of contract claim.  The defendant claimed that Abira's claims should be dismissed because Abira did "not alleg[e] *the actual terms* giving rise to [defendant's] obligation to pay," and there was "nothing in the Complaint to suggest that [Abira's] services were in fact covered under the insureds' health plans and that a legally enforceable obligation existed." Abira Medical Lab'ys,

LLC v. Anthem Health Plans of Virginia, Inc., 2026 WL 281172, at *7 (emphasis added). However, the court denied defendant's motion and concluded that "common sense" rendered Abira's allegations "sufficiently plausible to survive a 12(b)(6) challenge" because "[o]ne of the most baseline features of a health insurance plan is that it covers, at least in part, the testing requisitioned by an individual's healthcare provider." Id.  Thus, Abira's allegation that it "performed testing services for [d]efendants' insureds at the request of the insureds' healthcare providers certainly [gave] rise to a plausible inference that [d]efendant owed its insureds coverage (i.e., payment) for such testing" and that this obligation, by assignment, passed to the benefit of Abira. Id.  This Court concludes likewise.  Simply put, Abira has provided sufficient information in its Amended Complaint so that HPHC can reasonably identify "who did what to whom, when, where, and why" and "what obligations were imposed on each of the parties . . . ." Alenci v. Hometown American Mgmt., LLC, No. 19-CV-12244, 2020 WL 2515872, at *4 (D. Mass. May 15, 2020) (quoting Higgins v. Town of Concord, 246 F. Supp. 3d 502, 518 (D. Mass. 2017) (quotation marks omitted)).

Finally, even if Abira did not attach the precise AOB provision or requisitions form at issue for each of HPHC's insureds, Abira nevertheless "summarize[s] the contract's purported legal effect." Foss, 365 F. Supp. 3d at 167.  Abira alleges HPHC's insureds signed an assignment of benefits that assigned HPHC's insurance payments to Abira.  Because Abira provided medical services to HPHC's insureds, HPHC owed Abira insurance payments.  This is a sufficient summary of the contract's legal effect. See id.  Therefore, Abira has plausibly alleged the existence and terms of an assignment, the legal effect of which is that Abira "may stand in the shoes of [HPHC's] insured" and enforce the terms of an HPHC insured's policy. See Spinal Imaging, Inc., 2014 WL 1278012, at *3; City of Hope, 156 F.3d at 227-28.

8

Having found that Abira alleges a contractual relationship, the Court must determine whether Abira alleged the final two elements – breach and damages. Regarding breach, the assignment was signed by HPHC's insureds and assigns their insurance rights and benefits under their health plans to Abira. Abira provided its services to HPHC's insureds. Yet, HPHC did not make these payments for at least some claims.[2] Accordingly, Abira has adequately pleaded that HPHC breached the assignment provision. Regarding damages, Abira alleges damages of no less than $139,322, because HPHC has not paid for Abira's services rendered to HPHC's insured. These alleged damages are supported by Exhibit 1, which details the billed amount for each instance where HPHC allegedly did not reimburse Abira for services rendered. For these reasons, Abira has adequately pleaded a breach of contract claim. Therefore, the Court denies HPHC's Motion to Dismiss Count I.

## B.    Unjust Enrichment and Quantum Meruit

Next, the Court addresses HPHC's motion to dismiss Abira's unjust enrichment/quantum meruit claim. Under Massachusetts law, "a claim for unjust enrichment and quantum meruit are treated similarly and have the same elements." SAR Group Ltd. v. E.A. Dion, Inc., 947 N.E.2d 1154, 1154 (Mass. App. Ct. 2011). Accordingly, the Court will use the term "unjust enrichment" to refer to both for the remainder of this opinion.

Unjust enrichment is the "retention of money or property of another against the fundamental principles of justice or equity and good conscience." Infinity Fluids Corp. v. General Dynamics Land Sys., Inc., 210 F. Supp. 3d 294, 309 (D. Mass. 2016). To state a claim for unjust enrichment, "a plaintiff must prove (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or

---

[2] Abira notes HPHC "did pay on several claims," but the Amended Complaint and Exhibit 1 do not specify which; nor do they indicate whether these claims were paid in full or underpaid. [Dkt. 12 at 6].

retention by the defendant of the benefit under the circumstances [which] would be inequitable without payment for its value." AnywhereCommerce, Inc. v. Ingenico Inc., 665 F. Supp. 3d 181, 199 (D. Mass. 2023) (internal quotation marks omitted).  Massachusetts courts also look to "the reasonable expectations of the parties" when determining whether the "receipt or retention of a benefit is unjust." Suffolk Const. Co. v. Benchmark Mech. Sys., Inc., 56 N.E.3d 138, 142 (Mass. 2016).

Abira and HPHC's dispute is over the first element (conferral of benefit).  Abira maintains that it conferred a benefit on HPHC by providing testing services to HPHC's insureds for which HPHC failed to compensate Abira.  Meanwhile, HPHC argues that healthcare service providers do not confer a benefit on insurance companies when they render services on insureds. The Court agrees with HPHC.

An unjust enrichment claim requires that a "benefit [be] conferred upon the defendant *by the plaintiff*." Blake v. Pro. Coin Grading Serv., 898 F. Supp. 2d 365, 390 (D. Mass. 2012) (quoting Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009), decision clarified on denial of reh'g, 559 F.3d 1 (1st Cir. 2009).  In Massachusetts, this conferral must be direct. Blake, 898 F. Supp. 2d at 390 ("[Plaintiff] does not allege that he directly conferred the benefit of confidential information upon [Defendant]."); KPM Analytics N. Am. Corp. v. Blue Sun Sci. LLC, 21-CV-10572, 2021 U.S. Dist. LEXIS 132167, at *47 (D. Mass. July 15, 2021) ("[U]njust enrichment requires that the plaintiff directly bestow[] a benefit on the defendant."); Walgreen Co. v. Haseotes, 778 F. Supp. 3d 264, 295 (D. Mass. 2025) (finding Walgreens failed to allege unjust enrichment claim because its "complaint alleges Walgreens' trade secrets were conferred upon the Defendants by [a third-party], not Walgreens directly.").

10

Massachusetts courts have not explicitly applied the "direct benefit" rule in the context of health care providers' claims against insurance companies.  However, courts throughout the United States have repeatedly held that "providers cannot bring unjust enrichment claims against insurance companies based on the services rendered to insureds." MC1 Healthcare, Inc. v. United Health Group, Inc., No. 3:17-CV-01909, 2019 WL 2015949, at *10 (D. Conn. May 7, 2019).[3]  The Court finds these decisions persuasive.  In particular, "[i]t is counterintuitive to say that services provided to an insured are also provided to its insurer," because "[t]he insurance company derives no benefit from those services." Travelers Indem. Co. of Conn., 150 F. Supp. 2d at 563.  Instead, "what the insurer gets is *a ripened obligation* to pay money to the insured [or the insured's assignee]—which hardly can be called a benefit." Id. (emphasis added).

Here, Abira did not directly confer a benefit on HPHC.  The benefits conferred by Abira were its medical testing services.  These services were provided to those insured by HPHC, not to HPHC itself.  Thus, Abira did not "directly bestow a benefit" on HPHC. KPM Analytics, 2021 U.S. Dist. LEXIS 132167, at *47.  Indeed, Abira states in its Amended Complaint that "Defendant's benefit in this matter arose from its acceptance of premiums *paid by its insureds*, in exchange for the provision of insurance coverage and medical services rising therefrom." [Dkt. 12 at 10] (emphasis added).  In other words, HPHC's benefit arose from its insureds' payments, not from Abira.

---

[3] See e.g., Abira Medical Lab'ys LLC v. Managed Health Services Ins.Corp., No. 24-CV-962, 2026 WL 1005154, at *6 (E.D. Wis. Apr. 14, 2026); Norman Maurice Rowe v. Aetna Health and Life Ins. Co., No. 22-CV-4870, 2026 WL 388609, at *8 (E.D.N.Y. Jan. 16, 2026); Abira Medical Lab'ys, LLC v. Bluecross Blueshield of Tennessee, Inc., No. 1:24-CV-329, 2025 WL 1902624, at *5 (E.D. Tenn. May 28, 2025); Small v. Oxford Health Ins., Inc., No.: 18-CV-13120, 2019 WL 851355, at *6 (D.N.J. Feb. 21, 2019); Air Evac EMS Inc. v. USAble Mut. Ins. Co., No. 4:16-CV-00266, 2018 WL 2422314, at *9 (E.D. Ark. May 29, 2018); Hialeah Physicians Care, LLC v. Conn. Gen. Life Ins. Co., No. 13-CV-21895, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013); Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc., No. 11-CV-02775, 2012 WL 762498, at *8-*9 (D.N.J. Mar. 6, 2012); Encompass Office Sols., Inc. v. Ingenix, Inc., 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011); Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co., No. 6:03-CV-01121, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004); Travelers Indem. Co. of Conn. v. Losco Grp., Inc., 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001).

When Abira rendered testing services for HPHC's insureds, HPHC received "a ripened obligation to pay money" to Abira as an assignee. Travelers Indem. Co. of Conn., 150 F. Supp. 2d at 563. This ripened obligation on HPHC's part "hardly can be called a benefit," let alone a direct benefit conferred on HPHC by Abira. Id. Consequently, Abira has failed to plausibly allege the first requisite element for unjust enrichment. Because Abira has failed to do so, the Court need not consider the remaining elements. Accordingly, Count II is dismissed.

## C.    Statute of Limitations

The Court next addresses HPHC's statute of limitations defense. Under Massachusetts law, contract claims generally have a six-year limitation period. M.G.L. c. 260 § 2; Kim v. Lo, 769 F. Supp. 3d 41, 52 (D. Mass. 2025). The limitations period typically begins to run at the time the contract is breached. Saenger Org. Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 64 (1st Cir. 1997); Berkshire Mut. Ins. Co. v. Burbank, 664 N.E. 2d 1188, 1188 (Mass. 1996). The same applies to a breach of an insurance policy, which, "as in a contract action generally, begins to run on the date of the insurer's alleged breach." OneBeacon America Ins. Co. v. Narragansett Elec. Co., 31 N.E.3d 1143, 1151 (Mass. App. Ct. 2015).

The discovery rule is "an exception to the general applicability of a statute of limitations." Cruz v. Karim, No. 18-CV-10589, 2020 WL 5370628, at *4 (D. Mass. Sep. 8, 2020). Under the discovery rule, the statute of limitation starts running when "a plaintiff knew or reasonably should have known that she may have been harmed by the conduct of another." Davalos v. Bay Watch, Inc., 240 N.E.3d 753, 757 (Mass. 2024) (quoting Bowen v. Eli Lilly & Co., 557 N.E.2d 739, 740-41 (Mass. 1990)). Under Massachusetts law, a plaintiff is on inquiry notice "when the first event occurs that would prompt a reasonable person to inquire into a possible injury" by the defendant. Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006).

12

Whether the discovery rule applies "is often a fact-intensive question" to be determined by the factfinder. Duke v. Cmty. Health Connections, Inc., 355 F. Supp. 3d 49, 55 (D. Mass. 2019). Thus, this question is best resolved at the summary judgment stage unless the evidence is so clear that a court can rule on an issue as a matter of law. See id.; In re Fresenius Granuflo/Naturalyte Dialysate Products Liability Litig., 111 F. Supp. 3d 79, 84 (D. Mass. 2012) (stating questions of timeliness are more appropriately applied at summary judgment or trial stage of litigation).

Courts may consider a statute of limitations defense on a 12(b)(6) motion. Rodi v. S. New England Sch. L., 389 F.3d 5, 17 (1st Cir. 2004).  The key question is whether the "complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time." Id.  Courts deny a defendants' motions to dismiss where "there is at least a factual question raised" as to when the limitations period commenced. Cruz, 2020 WL 5370628, at *4 ("[T]he Court denies the Defendants' motion to dismiss on timeliness grounds at this time . . . . It may well be, once the factual record is developed . . . that the applicable statute of limitations is not tolled and that the claim is time-barred."); Abdallah v. Bain Capital LLC, 880 F. Supp. 2d 190, 198 (D. Mass. 2012) (granting motion to dismiss because "no set of facts would entitle the plaintiff to relief" and justify invoking discovery rule).

Here, HPHC and Abira disagree as to whether Abira's claims are time-barred.  HPHC alleges 61 out of the 74 claims for which Abira seeks payment must be dismissed because they are dated more than six years prior to Abira's June 23, 2025 filing date. [Dkt. 14 at 7-8].  Abira contends that its claims are not time-barred under the discovery rule. [Dkt. 15 at 8-9].  According to Abira, it did not know and could not have reasonably known that HPHC denied its claims

because HPHC allegedly failed to provide Abira notice of the denials. [Id.]  Thus, the parties contest when the limitations period began to run for Abira's claims. [Id.].

The Court will not decide at this stage whether Abira's claims are time-barred.  On a motion to dismiss, a "court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto." Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013).  In its Amended Complaint, and relying upon exhibits, Abira alleges that it sent HPHC numerous letters of inquiry to no avail after HPHC had not responded to some claims Abira had submitted to it. [Dkt. 15 at 13].  This suggests Abira was on "inquiry notice" because "facts [had] surface[d] which would cause a reasonably prudent person to become aware that she or he ha[s] been harmed," thus triggering the limitations period. Epstein, 460 F.3d at 187.  However, Abira does not mention when it first sent these letters or when it surmised no response was forthcoming from HPHC.  Accordingly, although the Court is skeptical that Abira, as the assignee of benefits, did not receive any notice its claims were denied for years after services were rendered, the Court does not have enough information from Abira's Amended Complaint and Exhibit 1 to determine whether the discovery rule applies.  In short, "there is at least a factual question raised" as to when the limitations period began to run. See Cruz, 2020 WL 5370628, at *4. Therefore, the Court declines to grant HPHC's Motion to Dismiss based on its statute of limitations defense. See id.; Abdallah, 880 F. Supp. 2d at 198.

## IV.    CONCLUSION

For the foregoing reasons, HPHC's Motion to Dismiss [Dkt. 13] is **GRANTED IN PART** and **DENIED IN PART**.  Abira's breach of contract claim remains while its unjust enrichment claim is dismissed.

**SO ORDERED.**

15

Dated: July 30, 2026                                    /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge